M. Darin Hammond (6741)
**SMITH KNOWLES, P.C.**
2225 Washington Blvd., Suite 200
Ogden, UT 84401
Telephone:    (801) 476-0303
Facsimile:    (801) 476-0399
dhammond@smithknowles.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NORTHERN REGAL HOMES, INC. and RICK WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION and NATIONSTAR, INC.,<br><br>Defendants. | **MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Case No. 1:15-cv-00035-CW-BCW<br><br>District Judge Clark Waddoups |

Plaintiffs Northern Regal Homes, Inc. and Rick Williams, by and through their counsel, M. Darin Hammond of the law firm of SMITH KNOWLES, P.C., hereby move the Court for leave to amend their Complaint to include additional causes of action. This Motion is supported by the Memorandum filed contemporaneously herewith.

DATED this 31 day of July, 2015.

                                           **SMITH KNOWLES, P.C.**

                                           M. Darin Hammond
                                           *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2015, I mailed a true and correct copy of the foregoing, **MOTION FOR LEAVE TO AMEND COMPLAINT** via First Class United States mail, or ECF transmission as follows:

- **M. Darin Hammond**
  dhammond@smithknowles.com, astevenson@smithknowles.com
- **Jamie G. Siler**
  jsiler@bmas.com, rwhitaker@bmas.com, madams@bmas.com

                                           Angie Stevenson
                                           Legal Assistant

M. Darin Hammond (6741)
**SMITH KNOWLES, P.C.**
2225 Washington Blvd., Suite 200
Ogden, UT 84401
Telephone:     (801) 476-0303
Facsimile:     (801) 476-0399
dhammond@smithknowles.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NORTHERN REGAL HOMES, INC. and RICK WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION and NATIONSTAR, INC.,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Case No. 1:15-cv-00035-CW-BCW<br><br>District Judge Clark Waddoups |

Plaintiffs Northern Regal Homes, Inc. and Rick Williams, by and through their counsel, M. Darin Hammond of the law firm of SMITH KNOWLES, P.C. hereby submit their Memorandum in Support of Motion for Leave to Amend Complaint.

F.R.C.P. 15 authorizes the Court to allow for amendments of claims to complete justice and when there is no prejudice to the opposing party. The deadline set by this Court for Plaintiffs to file a motion to amend pleadings is July 31, 2015. The proposed second amended complaint will include causes of action for breach of covenant of good faith and fair dealing,

breach of fiduciary duty, unfair business practices, tortious interference, conversion, trespass, slander of title, and punitive damages.  Said causes of action are similar to the already existing causes of action.  Because discovery is still pending in this matter and the new causes of action arise out of the same transaction and conduct of Defendants there is no prejudice to Defendants herein.

A true and accurate copy of the proposed Second Amended Complaint is attached hereto as Exhibit "A" and incorporated herein by this reference.  Based upon the foregoing, Plaintiffs respectfully request that the Court allow amendment of Plaintiffs' Complaint to include additional causes of action as set forth therein.

DATED this 31 day of July, 2015.

SMITH KNOWLES, P.C.

/s/ M. Darin Hammond
M. Darin Hammond
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2015, I mailed a true and correct copy of the foregoing, **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT** via First Class United States mail, or ECF transmission as follows:

- **M. Darin Hammond**
  dhammond@smithknowles.com,astevenson@smithknowles.com
- **Jamie G. Siler**
  jsiler@bmas.com,rwhitaker@bmas.com,madams@bmas.com

/s/ Angie Stevenson
Legal Assistant

**EXHIBIT "A"**

M. Darin Hammond (6741)
**SMITH KNOWLES, P.C.**
2225 Washington Blvd., Suite 200
Ogden, UT 84401
Telephone:     (801) 476-0303
Facsimile:      (801) 476-0399
dhammond@smithknowles.com

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NORTHERN REGAL HOMES, INC. and RICK WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION and NATIONSTAR, INC.,<br><br>Defendants. | **[PROPOSED] SECOND AMENDED COMPLAINT**<br><br>Case No. 1:15-cv-00035-CW-BCW<br><br>District Judge Clark Waddoups |

Plaintiffs Northern Regal Homes, Inc. and Rick Williams, by and through their counsel of record M. Darin Hammond of SMITH KNOWLES, P.C., for cause of action hereby complains and alleges against Defendants RoundPoint Mortgage Servicing Corporation and Nationstar, Inc. as follows:

### PARTIES

1. Plaintiff Northern Regal Homes, Inc. is a Utah corporation.

2. Plaintiff Rick Williams is an individual residing in Weber County State of Utah.

3. Defendant RoundPoint Mortgage Servicing Corporation is a foreign corporation doing business in the State of Utah, County of Weber.

4. Defendant Nationstar, Inc. is a foreign corporation doing business in the State of Utah, County of Weber.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in this Court pursuant to Defendant's removal thereof.

## GENERAL ALLEGATIONS

6. Plaintiffs were the obligors under a promissory note concerning real property located at 4554 West 5750 South, Hooper, UT 84315 which is Parcel # 09-551-0005 (hereinafter "the Property"). A deed of trust signed by Northern Regal Homes as trustor was recorded on or about November 15, 2006.

7. The beneficial interest therein with regard to the deed of trust has been conveyed to RoundPoint Mortgage Servicing Corporation. RoundPoint Mortgage Servicing Corporation declared a notice of default on the Property which was wrongful and took wrongful possession of the Property.

8. Defendant RoundPoint Mortgage Servicing Corporation has admitted that the conduct was wrongful.

## FIRST CAUSE OF ACTION
### (Unjust Enrichment - RoundPoint Mortgage Servicing Corporation)

9. Plaintiffs hereby reallege and incorporate by reference all paragraphs herein above, as though specifically set forth herein.

10. Plaintiffs conferred a substantial benefit upon Defendant RoundPoint Mortgage Servicing Corporation.

11. The value of the substantial benefit conferred by Plaintiffs upon Defendant RoundPoint Mortgage Servicing Corporation is $100,000.00 plus after accruing interest and late fees.

12. Defendant RoundPoint Mortgage Servicing Corporation has been unjustly enriched by Plaintiffs based upon Plaintiffs conferring a substantial benefit upon Defendant RoundPoint Mortgage Servicing Corporation without Defendant RoundPoint Mortgage Servicing Corporation compensating Plaintiffs therefore.

13. Based upon said unjust enrichment, Plaintiffs have been damaged by the conduct of Defendant RoundPoint Mortgage Servicing Corporation and the court should award a judgment in favor of Plaintiffs against Defendant RoundPoint Mortgage Servicing Corporation for the amount of the substantial benefit conferred.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment - Nationstar, Inc.)

14. Plaintiffs hereby reallege and incorporate by reference all paragraphs herein above, as though specifically set forth herein.

15. Plaintiffs conferred a substantial benefit upon Defendant Nationstar, Inc.

16. The value of the substantial benefit conferred by Plaintiffs upon Defendant Nationstar, Inc. is $100,000.00 plus after accruing interest and late fees.

17. Defendant Nationstar, Inc. has been unjustly enriched by Plaintiffs based upon Plaintiffs conferring a substantial benefit upon Defendant Nationstar, Inc. without Defendant Nationstar, Inc. compensating Plaintiffs therefore.

18. Based upon said unjust enrichment, Plaintiffs have been damaged by the conduct of Defendant Nationstar, Inc. and the court should award a judgment in favor of Plaintiffs against Defendant Nationstar, Inc. for the amount of the substantial benefit conferred.

## THIRD CAUSE OF ACTION
### (Lender Liability - RoundPoint Mortgage Servicing Corporation and Nationstar, Inc.)

19. Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

20. Defendants began foreclosure proceedings against Plaintiffs in contravention of the fact that Plaintiffs were current on their mortgage payments were current at the time.

21. Defendants wrongfully took possession of the underlying property in violation of Plaintiffs' rights.

22. Defendants violated their lender duties to Plaintiffs.

23. Defendants' actions constitute lender liability against Plaintiffs.

24. As a result thereof, Defendants are liable to Plaintiffs for damages, the amount and extend of which will be established at the trial of this matter.

## FOURTH CAUSE OF ACTION
**(Breach of Contract - RoundPoint Mortgage Servicing Corporation and Nationstar, Inc.)**

25. Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

26. Defendants began foreclosure proceedings against Plaintiffs in contravention of the fact that Plaintiffs were current on their mortgage payments.

27. Defendants wrongfully took possession of the underlying property in violation of Plaintiffs' contractual rights.

28. Defendants breached their contract with Plaintiffs and Defendants violated their lender duties to Plaintiffs.

29. Defendants committed breach of contract by taking possession of the Property.

30. As a result thereof, Defendants are liable to Plaintiffs for damages, the amount and extend of which will be established at the trial of this matter.

## FIFTH CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing - RoundPoint Mortgage Servicing Corporation and Nationstar, Inc.)**

31. Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

32. Defendants owe to Plaintiffs a duty of good faith and fair dealing by virtue of their contractual relationships.

33. Defendants have breached the duty of good faith and fair dealing to Plaintiffs by the conduct referenced hereinabove.

34.     Plaintiffs have suffered damages as a result of Defendants' violation of the covenant of good faith and fair dealing.

35.     The extent and amount of damages suffered by Plaintiffs as a result of Defendants' breach of the covenant of good faith and fair dealing will be established at the trial of this matter.

## SIXTH CAUSE OF ACTION
**(Breach of Fiduciary Duty - RoundPoint Mortgage Servicing Corporation and Nationstar, Inc.)**

36.     Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

37.     Upon receipt of funds from Plaintiffs, Defendants owed a fiduciary duty to Plaintiffs to properly account for all funds paid towards the payment of the underlying obligation.

38.     Defendants accepted funds from Plaintiffs without properly accounting therefore.

39.     Defendants further owed a duty to Plaintiffs not to misapply the funds and to properly apply them to the proper loan.

40.     Defendants owed a fiduciary duty to Plaintiffs not to take possession of the underlying property in violation of Plaintiffs' contractual rights.

41.     Defendants breached their fiduciary duty with Plaintiffs not to commit these actions.

42.     Despite these facts, Defendants breached the fiduciary duty owed to Plaintiffs.

43. As a result of the breach of fiduciary duty by Defendants, Plaintiffs have suffered significant damages, the extent and amount of which will be proven at the trial of this matter.

## SEVENTH CAUSE OF ACTION
**(Tortious Interference - RoundPoint Mortgage Servicing Corporation and Nationstar, Inc.)**

44. Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

45. Plaintiffs had entered into a contractual agreement with a third-party regarding leasing and purchasing the underlying property.

46. Defendants' wrongful repossession of the underlying property in violation of Plaintiffs' contractual rights interfered with Plaintiffs' contractual relations with its tenant and prospective purchaser.

47. As a result thereof, Plaintiffs lost the tenant and the prospective purchase.

48. Defendants intentionally and illegally and for an improper purpose interfered with the contractual relations and economic relations of the Plaintiffs in this matter with their relationship with the tenant and prospective purchaser.

49. Defendants' conduct was intentional and tortious which resulted in Plaintiffs suffering significant monetary damages.

50. The extent and amount of Plaintiffs' damages will be determined at the trial of this matter.

### EIGHTH CAUSE OF ACTION
**(Unfair Business Practices - RoundPoint Mortgage Servicing Corporation and Nationstar, Inc.)**

51. Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

52. Defendants are obligated to employ lawful business practices and are further obligated not to employ unfair business practices.

53. Defendants committed wrongful and deceptive acts in connection with a business transaction that are violations of the fair business practice standards.

54. Defendants' conduct is a violation of the fair business practices standards.

55. Plaintiffs have suffered significant damages as a result of Defendants' violations of fair business standards.

56. As a proximate result, Plaintiffs have suffered and will continue to suffer consequential damages as a result of the violations of fair business practices standards, the extent and amount of which will be proven at the trial of this matter.

### NINTH CAUSE OF ACTION
**(Conversion)**

57. Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

58. The actions of the Defendants set forth hereinabove constitute conversion.

59. Plaintiffs had clear legal ownership and/or right of possession of the underlying property.

60. Defendants wrongfully converted the underlying property by taking possession thereof, changing the locks, and dispossessing Plaintiffs thereof.

61. Defendants have suffered damages resulting from this conversion.

62. The extent and amount of damages resulting from the conversion will be determined at the trial of this matter.

## TENTH CAUSE OF ACTION
### (Trespass)

63. Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

64. The actions of the Defendants set forth hereinabove constitute trespass.

65. Plaintiffs had clear legal ownership and/or right of possession of the underlying real property.

66. Defendants wrongfully trespassed upon the underlying real property by taking possession thereof, changing the locks, and dispossessing Plaintiffs thereof.

67. Defendants have suffered damages resulting from this trespass.

68. The extent and amount of damages resulting from the trespass will be determined at the trial of this matter.

## ELEVENTH CAUSE OF ACTION
### (Slander of Title)

69. Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

70. Defendants published illegal, unlawful, defamatory, and untruthful material concerning Plaintiffs and their real property.

71. Said statements were false, derogatory, and intended to defame Plaintiffs and their title to the real property.

72. The publication of said statements against Plaintiffs and the underlying property were intended by Defendants to constitute a slander of Plaintiffs' title thereto.

73. As a result of these intentional, unlawful, and wrongful publications regarding Plaintiffs' title to the property, Plaintiffs have been damaged in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION
**(Punitive Damages - RoundPoint Mortgage Servicing Corporation and Nationstar, Inc.)**

74. Plaintiffs hereby reallege and incorporates by reference all paragraphs herein above, as though specifically set forth herein.

75. Defendants' conduct was willful and intentional and in direct disregard of Plaintiffs' rights to possession, use, and enjoyment of the property.

76. Because of the intentional nature of Defendants' conduct, Plaintiffs are entitled to punitive damages.

77. The extent and amount of punitive damages to which Plaintiffs are entitled will be established at the trial of this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severely, as follows:

1.  For a Judgment against Defendants for a monetary amount to be determined at the trial hereof plus after accruing interest thereon at the maximum legal rate;

2.  For Plaintiffs' reasonable attorney's fees incurred in bringing this action;

3.  For Plaintiffs' costs incurred in bringing this action; and

4.  For such other and further relief as the Court may deem just and equitable.

DATED this _____ day of July, 2015.

                                      **SMITH KNOWLES, P.C.**

                                      _____
                                      M. Darin Hammond
                                      *Attorneys for Plaintiffs*

Plaintiffs' Address:
P.O. Box 958
Roy, UT 84067

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of July, 2015, I mailed a true and correct copy of the foregoing, **SECOND AMENDED COMPLAINT** via First Class United States mail, or ECF transmission as follows:

- **M. Darin Hammond**
  dhammond@smithknowles.com,astevenson@smithknowles.com
- **Jamie G. Siler**
  jsiler@bmas.com,rwhitaker@bmas.com,madams@bmas.com

_____
Legal Assistant