M. Darin Hammond (6741)
**SMITH KNOWLES, P.C.**
2225 Washington Blvd., Suite 200
Ogden, UT 84401
Telephone:   (801) 476-0303
Facsimile:   (801) 476-0399
dhammond@smithknowles.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NORTHERN REGAL HOMES, INC. and RICK WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION and NATIONSTAR, INC.,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Case No. 1:15-cv-00035-JNP-BCW<br><br>District Judge Jill N. Parrish |

Plaintiffs Northern Regal Homes, Inc. and Rick Williams, by and through their counsel, M. Darin Hammond of the law firm of SMITH KNOWLES, P.C., hereby submit their Reply Memorandum in Support of Plaintiffs' Motion for Leave to Amend Complaint.

### ARGUMENT

**I.   THE MOTION FOR LEAVE TO AMEND WAS TIMELY FILED.**

In the Court's Scheduling Order dated June 10, 2015, the Court established July 31, 2015 as the deadline to file motions for amending Plaintiffs' pleadings. Plaintiffs filed their Motion

for Leave to Amend on July 31, 2015. There is no allegation by the defense in this matter that the motion has been made after the deadline. In fact, it is undisputed that the Motion for Leave to Amend was filed on the deadline for filing such motions. Thus, it is inappropriate for the defense to discuss other alleged timeliness issues when the Motion itself is timely. The defense wants the Court to look at the dates when the Complaint was filed and complain about the timeliness from that perspective. But it must also be pointed out that, for various procedural reasons, the Defendant's answer to the complaint was not filed until March 20, 2015. Thus, in relation to the date on which the answer to the complaint was filed and the Scheduling Order, there is no timeliness issue in regards to this Motion.

    The defense relies upon *Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 221 (10th Cir. 2009). The reason that the court found that the motion to amend was untimely was because it was "filed seven months after the deadline for filing amended pleadings and one month after briefing on summary judgment had been completed." Id. at 221. Thus, reliance upon the *Compton* case is wholly misplaced. In fact, in the *Compton* case, the Tenth Circuit Court of Appeals reiterated the standard which is that a plaintiff's motion to amend his complaint should be granted "in the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 221 quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, although the defense would have the Court believe that the Motion for Leave to Amend is based upon undue delay, on the contrary, it was fully timely within the parameters of

this Court's Scheduling Order.  Similarly, in the *Las Vegas Ice and Cold Storage* case quoted by the defense, the motion to amend was made nine months after partial summary judgment was entered and only a few months before the case was scheduled for trial on one remaining issue.

In any event, because Plaintiffs' Motion for Leave to Amend was filed on or before the deadline for such motions, there is no timeliness issue and the proposed amendments should be freely given under Rule 15(a) of the Federal Rules of Civil Procedure.

## II.     LEAVE TO AMEND "SHALL BE FREELY GIVEN WHEN JUSTICE SO REQUIRES".

The rule which governs this Motion is Rule 15(a) of the Federal Rules of Civil Procedure which states that leave to amend "shall be freely given when justice so requires".  F.R.C.P. 15(a). Because this Motion is timely and because leave to amend shall be freely given, this Court should grant Plaintiffs' Motion for Leave to Amend.  "We reiterate that the district court should allow a plaintiff an opportunity to … amend the complaint when doing so would yield a meritorious claim."  *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).  This has been restated as "[The] Tenth Circuit has determined that district court should grant leave to amend when doing so would yield a meritorious claim."  *In Re Thornburg Mortg., Inc. Securities Litigation*, 265 F.R.D. 571, 580 (D.N.M. 2010).  "The purpose of the Rule [referencing Rule 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  *See, Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc – Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.

1982). Thus, the standard is clear which is that timely motions to amend should generally be allowed.

The defense quotes case law suggesting that undue delay, bad faith, dilatory motive, undue prejudice, etc. are grounds to deny a motion for leave to amend. However, the defense has not articulated the alleged undue delay, bad faith, dilatory motive, or undue prejudice. The fact of the matter is that the complaint merely sets forth alternate theories of relief and expounds upon the legal basis for Plaintiffs to recover against Defendants. The factual allegations remain the substantially the same in the proposed amended complaint. Additional research on the part of counsel has given rise to additional claims for relief which were not originally plead by Plaintiffs. With regard to the specific proposed new causes of action, the defense has not articulated any reason why any of the particular new theories of relief should not be allowed. Therefore, the defense has failed to overcome the "freely given" presumption of F.R.C.P. 15(a). The fact that discovery has already commenced is not a prejudicial effect because there is still time to complete discovery within existing or extended deadlines.

The premise of this case is straightforward. Plaintiffs are the obligors under a certain loan obligation that was served by RoundPoint Mortgage Servicing Corporation. RoundPoint Mortgage Servicing Corporation took over the loan and because of an accounting error, refused to accept payments from the Plaintiffs which were valid and timely. Plaintiffs had never missed a payment to the previous servicer and defense have failed to account for such. It was not until many months later that RoundPoint Mortgage Servicing Corporation finally realized its error. In any event, based upon the lender's error, the lender commenced foreclosure, took possession of

the property, changed the locks, and ousted the Plaintiffs from the property, all without reasonable cause. These actions should subject the defense to liability and the claims of relief and theories of liability should be broadly construed through the motion to amend deadline to allow for Plaintiffs to fully develop their case.

### III.   ISSUES REGARDING CO-DEFENDANT NATIONSTAR, INC.

With regard to Nationstar, Inc., Nationstar, Inc. was originally named as a Defendant but Nationstar, Inc. has not yet been served. Plaintiffs submitted a proposed Summons to the Court on July 31, 2015, which was not signed. The original complaint and the proposed amendments contain allegations regarding Nationstar, Inc. However, because Nationstar, Inc. was not part of the original Scheduling Order, Nationstar, Inc.'s liability may be forced to be brought in a separate case. Alternatively the Court may allow for these amendments, and allow for Plaintiffs to serve Nationstar, Inc. and to start over with a new scheduling order including Nationstar, Inc. after Nationstar, Inc. has had a chance to respond.

### CONCLUSION

Because this Motion for Leave to Amend was timely filed and because F.R.C.P. 15(a) gives guidance to this Court to liberally allow for amendments to pleadings and because there is no significant prejudice to RoundPoint Mortgage Servicing Corporation, this Court should allow for the proposed amendments to the complaint.

DATED this 29 day of September, 2015.

                                               SMITH KNOWLES, P.C.

                                               M. Darin Hammond
                                               *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2015, I mailed a true and correct copy of the foregoing, **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT** via First Class United States mail, or ECF transmission as follows:

- **M. Darin Hammond**
  dhammond@smithknowles.com, astevenson@smithknowles.com
- **Jamie G. Siler**
  jsiler@bmas.com, rwhitaker@bmas.com, madams@bmas.com

                                               Angie Stevenson
                                               Legal Assistant