IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NORTHERN REGAL HOMES, INC. and RICK WILLIAMS,<br><br>Plaintiff,<br>v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORPORATION and NATIONSTAR, INC.,<br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>Case No. 1:15-cv-35-JNP-BCW<br><br>District Judge: Jill N. Parrish<br><br>Magistrate Judge: Brooke C. Wells |

This case be referred to the undersigned by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the Court is Plaintiff Northern Regal Homes, Inc. and Rick Williams's ("Plaintiffs") Motion for Leave to Amend Complaint.[2] The Court has carefully considered the memorandum submitted by the parties and the law related to this motion. Pursuant to civil rule 7-(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine this motion on the basis of the written memoranda and finds oral argument not to be necessary. For the reasons set forth below, the Court DENIES Plaintiff's Motion to Amend.

## BACKGROUND

Plaintiffs filed their initial complaint in the Second Judicial District Court, Weber County, Ogden Department.[3] Plaintiff's initial complaint contained three causes of action: (1) unjust enrichment as to RoundPoint Mortgage Servicing Corporation ("RoundPoint"); (2) unjust enrichment as to Nationstar, Inc. ("Nationstar); and (3) breach of contract as to RoundPoint.

---

[1] Docket no. 4.
[2] Docket no. 16.
[3] Utah State Court Case No. 140906145, filed September 25, 2014.

Plaintiff's initial complaint was not served on either RoundPoint or Nationstar. On or about January 22, 2015, plaintiffs filed an amended complaint that contained an additional claim against RoundPoint for "lender liability" and served it and summons on RoundPoint (but not on Nationstar).

On February 20, 2015, RoundPoint removed this case to this Court. According to Plaintiff's "notice of removal,"[4] "[u]pon information and belief, to date, the Complaint has not been served on or provided to Nationstar."[5] On March 20, 2015, RoundPoint answered Plaintiff's Amended Complaint. On June 11, 2015, the Court entered a Scheduling Order in this case which provided that the last day for Plaintiffs to amend their pleadings was July 31, 2015.[6]

On July 31, 2015, Plaintiffs filed the instant motion to amend the complaint. The proposed second amended complaint will include additional causes of action for (1) breach of covenant of good faith and fair dealing, (2) breach of fiduciary duty, (3) unfair business practices, (4) tortious interference, (5) conversion, (6) trespass, (7) slander of title, and (8) punitive damages.

## ANALYSIS

Under Rule 15 of the Federal Rules of Civil Procedure, when a party seeks to amend a pleading other than as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave.[7] The court should freely give leave when justice so requires."[8] "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[9] However, "[t]he Supreme Court has indicated district courts may

---

[4] Docket no. 2.
[5] *Id.*
[6] Docket no. 13.
[7] F.R.C.P. 15(a)(2).
[8] *Id.*
[9] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (citing *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795 (1971).

withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allocations of the amendment, [or] futility of [the] amendment.'"[10]

In its opposition memorandum RoundPoint provides the following reasons for denial of Plaintiff's motion: (1) untimeliness, (2) lack of explanation for delay in filing motion for amendment, (3) the new allegations are not based on any new information that was unavailable to Plaintiffs at the time the current complaint was filed; and (4) undue prejudice.

The Court is unpersuaded by arguments (1) and (2).  As to reason (1), the Court agrees with Plaintiffs that although this motion for amendment comes ten months after the amended complaint was filed, this motion is within the timeframe set forth in the controlling scheduling order to amend pleadings.  Therefore, the Court finds Plaintiffs' motion not to be in violation of the Scheduling Order and on that basis alone will not be denied

Next, the Court is unpersuaded by Defendants' argument that Plaintiffs have provided no explanation for their delay in seeking leave to amend.  To the contrary, in their Reply Memorandum, Plaintiffs state, "[a]dditional research on the part of counsel has given rise to additional claims for relief which were not originally plead by Plaintiff."  The Court finds this to be a sufficient explanation to refute RoundPoint's second argument for denial.

However, the Court finds Defendants third and fourth arguments to have merit.  These reasons provide adequate reasoning for denial of Plaintiffs' motion.

---

[10] *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)(internal citations omitted).

3) **Lack of New Information to Warrant Amendment at this Stage of the Litigation**

The 10th Circuit has upheld cases where leave to amend was denied because "the facts underlying the claim were known to the plaintiff at the time suit was instituted."[11] Here, the Court agrees with RoundPoint that "Plaintiffs' proposed new causes of action are all based on the same general allegations contained in the prior Amended Complaint, and are not based on any new information that was unavailable to Plaintiffs at the time they filed their First Complaint or Amended Complaint." Besides stating that additional research has been performed by counsel, the Court finds Plaintiff has not adequately refuted this argument made by RoundPoint. Therefore, on this basis alone, the Court finds denial of Plaintiff's motion is warranted. However, the Court will discuss Defendants' final argument in opposition of Plaintiffs' motion.

4) **Undue Prejudice**

RoundPoint argues "[u]ntil the filing of Plaintiff's Motion, RoundPoint has proceeded under the assumption that Nationstar was to be dismissed from the case because it was not served with a copy of the complaint within 120 days" as required by the Federal Rule of Civil Procedure. "If Nationstar were somehow served at this late date, RoundPoint believes the parties would be required to hold a new scheduling conference and significantly alter the previously agreed upon deadlines, including those relating to discovery."

"Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[12] Plaintiffs seem to concede that the addition of Nationstar at this late date may present an issue. In their Reply, Plaintiffs state "…because Nationstar, Inc. was not part of the original scheduling order, Nationstar, Inc.'s

---

[11] *Las Vegas Ice and Cold Storage Company v. Farr West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (D. 1998); *see also Minter* at 1206 ("…[C]ourts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.")
[12] *Minter* at 1208 (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971).

liability may be forced to be brought in a separate case." In the alternative, Plaintiffs assert, "[t]he Court may allow for these amendments, and allow for Plaintiffs to serve Nationstar, Inc. and to start over with a new scheduling order including Nationstar, Inc. after Nationstar, Inc., has had a chance to respond."

Here, the Court finds RoundPoint will be prejudiced if amendment to the Complaint is allowed. The Court makes this finding not so much because the claims themselves present a subject matter different from what was set forth in the complaint but rather because of the effect the entrance of Nationstar will have at this late stage will have on the litigation. The Court notes that not only are the parties well into the Scheduling Order in this case but a settlement conference with Plaintiffs and Roundpoint has been scheduled before Judge Pead on November 2, 2015. The delay and the inevitable additional discovery that will result if Nationstar is allowed to be brought into this case at this late stage without adequate reasoning will certainly unduly prejudice RoundPoint. Therefore, for reasons three and four contained in RoundPoint's opposition memorandum, Plaintiff's motion is denied.

## CONCLUSION & ORDER

For the foregoing reasons, the Court Orders that:

1) Plaintiff's Motion for Leave to Amend Complaint[13] be DENIED.

DATED this 9 October 2015.

Brooke C. Wells
United States Magistrate Judge

---

[13] Docket no. 16.